UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOPHER MCCHESTER,

        Plaintiff,

v.                                        Case No. 4:21-CV-11765
v.                                        Honorable Linda V. Parker

JUDGE BEHM and GENESEE COUNTY
COURT ADMINISTRATION,

        Defendants.
_____/

**OPINION & ORDER OF SUMMARY DISMISSAL**

**I. INTRODUCTION**

Genesee County Jail inmate and pre-trial detainee Kristopher McChester ("Plaintiff") has filed a pro se civil rights complaint under 42 U.S.C. § 1983 challenging his ongoing state criminal proceedings. Plaintiff alleges a violation of the 180-day rule and his due process and speedy trial rights. He names Genesee County Circuit Court Judge F. Kay Behm and the Genesee County Court Administration as Defendants in this action. He alleges that the amount in controversy is 60 million dollars and seeks dismissal of all charges and complaints against him and the return of his confiscated vehicle. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. *See*

28 U.S.C. § 1915(a)(1). For the reasons stated herein, the Court summarily dismisses the complaint and concludes that an appeal cannot be taken in good faith.

## II. LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court must sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. §§ 1997e(c), 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for

2

the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327,

3

333-36 (1986).

## III. DISCUSSION

### A. Claims against the Genesee County Court Administration

Plaintiff's claims against the Genesee County Court Administration must be dismissed because the Genesee County Court Administration is not a proper defendant in this action. Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The United States Court of Appeals for the Sixth Circuit has thus held that a state court is not a "person" for purposes of § 1983 and is not subject to suit under that provision. *See Mumford v. Basinski*, 105 F.3d 264, 287 (6th Cir. 1997); *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)). Consequently, Plaintiff's claims against the Genesee County Court Administration must be dismissed.

Moreover, even if the Genesee County Court Administration is a proper defendant, Plaintiff's claims against such an entity (or individual administrators) remain subject to dismissal. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and

4

that liability cannot be based upon a theory of respondeat superior or vicarious liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (explaining that the plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff, however, alleges no facts indicating what the Genesee County Court Administration did or did not do that violated his constitutional rights. Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Any assertion that the Genesee County Court Administration failed to supervise an employee, should be vicariously liable for an employee's conduct, and/or did not sufficiently respond to the situation is insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff also does not allege facts which show that any injury he suffered is the result of any court policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or regulate employees. *See Ellis v. Cleveland Mun. Sch. Dist.*,

5

455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Plaintiff thus fails to state a claim upon which relief may be granted against the Genesee County Court Administration in his Complaint.

## B. Younger Abstention

Plaintiff's Complaint challenges his ongoing state criminal proceedings. As such, it is subject to dismissal under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989). The rule is 'designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted); *see also Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44, and stating that "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity").

"To abstain under *Younger*, '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3)

6

there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)). "[A]bsent 'bad faith, harassment or any other unusual circumstance,' federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Younger*, 401 U.S. at 53-54).

All three requirements are met here. First, Plaintiff alleges that he has a state criminal prosecution pending in Genesee County Circuit Court. *See Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013). Second, state criminal proceedings clearly involve important state interests. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *see also Younger*, 401 U.S. at 50. Third, Plaintiff's state criminal proceedings provide an adequate opportunity to raise constitutional challenges and Plaintiff fails to allege facts which indicate that he is or will be unable to raise constitutional claims in the state courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Kelm v. Hyatt*, 44 F.3d 415,

7

421 (6th Cir. 1995). Abstention is therefore appropriate and Plaintiff's Complaint must be dismissed.

### C. Absolute Judicial Immunity

Furthermore, Plaintiff's Complaint is subject to dismissal based upon immunity. The only remaining defendant, Judge Behm, is entitled to absolute judicial immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for monetary damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (holding that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless those actions are taken in the complete absence of any jurisdiction."). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F.

8

App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006); *Hass v. Wisconsin*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000).

Plaintiff's challenges to his state criminal proceedings involve the performance of Judge Behm's judicial duties and Plaintiff alleges no facts suggesting that Judge Behm acted in the complete absence of jurisdiction or that a declaratory decree was violated or is unavailable. Judge Behm is thus entitled to absolute judicial immunity in this case.

### D. Eleventh Amendment Immunity

Lastly, Judge Behm is also entitled to sovereign immunity. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity applies "regardless of the nature of the relief sought," *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984), and "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens," *Thiokol Corp. v. Dep't of Treasury, State of Mich.,*

9

*Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (citing *Thiokol*). The Eleventh Amendment does not preclude suits against state defendants for prospective injunctive relief. *See Carten v. Kent State Univ.*, 281 F.3d 391, 397 (6th Cir. 2002) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *see also McCormick*, 693 F.3d at 662 (citing *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)).

"The State of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate Eleventh Amendment immunity when it passed § 1983, *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). The Michigan Supreme Court and its lower courts operate as arms of the state, and they are entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases). Additionally, Eleventh Amendment immunity applies to state employees, such as

10

state court judges, who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Judge Behm is thus entitled to Eleventh Amendment immunity on all claims for relief other than prospective injunctive relief.

As to prospective injunctive relief and Plaintiff's state criminal proceedings, such relief would not be available from Judge Behm following the completion of those proceedings. Should Plaintiff be convicted, his claims would be precluded unless his convictions are overturned or invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). Should Plaintiff be acquitted, have his criminal case dismissed, or have his conviction(s) overturned or otherwise invalidated, there would be nothing to enjoin and the only available relief would be monetary damages or other retrospective relief. As concluded above, Judge Behm is immune from such relief. Plaintiff's Complaint must therefore be dismissed.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under § 1983 against the Genesee County Court Administration, that his claims contesting his ongoing state criminal proceedings are precluded by *Younger* abstention, and that Judge Behm is entitled to absolute judicial immunity and Eleventh Amendment immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's civil rights complaint. Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 20, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 20, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager